Ernest Vicknair and Al 8887

vs No.8887

A.T.Perrilloux,Appellant.

Charles F.Claiborne,Judge.

May 28th 1923 .

Ernest Vicknair Jr and Al:

vs

No.8887

A.T.Perrilloux,Appellant.

Charles F.Claiborne,Judge.

This a damage suit against defendant for obstructing the drainage of plaintiffs' lands,and for recognition of their right of drainage.

The plaintiffs,nine in number,allege that they are owners of portions of ground forming the front part of a tract of land,and that by contract and by operation of law,they are entitled to the servitude of drain over the lands of the defendant situated below.They further allege that the defendant had denied this right of drainage,and had obstructed the drainage to such an extent as to cause them damage.

The defendant in the lower Court denied this right of drainage,but in this Court admitted it.The only question is one of damages.These must be restricted to compensatory damages. He further averred that if the lands of the plaintiffs have been overflowed or damaged,that it was not caused by any fault on the part of defendant,but by the fault of plaintiffs due to the lack of cross drains on their lands to carry off the water which accumulated thereon and which could not reach the main ditch running from the river to the woods.

There was judgment of nonsuit as regards five of the plaintiffs.

In this Court they have asked for judgment in their favor reversing the judgment of the lower Court. But in asmuch as they have not appealed from said judgment,nor are they appellees therefrom,the judgment cannot be reversed or amended in their favor. 6 La 22; 26 - 127 La 100 4 8 La 188 - 1 R 369 - 1 La Dig

There was judgment for the remaining four recog- 579. nizing their right of servitude and the obligations of the defendant thereunder and for $100 damages in favor of each plaintiff.The defendant has appealed.

282

The ditch in controversy leads from the river, extends about two acres from the public road,thence going East about an acre and a quarter,thence running on to the rear down to the woods.The evidence is that the upper part of that ditch has not been dug out at all for several years,and that trees are growing in it;the culvert under the railroad track is masked down,and the water cannot go through; a witness testifies that he circulated a list to obtain subscriptions to dig out the ditch;all signed up except the defendant;but he consented to allow them to dig the ditch;they put a man on the job,but the defendant stopped him ;when the ditch was maintained there was no water in front;now the water stays in front;witness can raise no garden;property is depreciated in value,witness has suffered damages of $100 a year for five years past;when it rains the water cannot go into the ditch,it covers all the land; if the canal on Perilloux land was dug out the water would run off of the front;as it is now,after a big rain,water remains on the ground five or six days until the sun evaporates it ;the plaintiffs employed a man to dig out the canal on defendants' land; defendant prohibited them from doing it;there was a time when cane was raised on that property;but now there would be trouble in raising ducks there;witness had to take his horse out of his yard on account of the water,ten photographs of as many places show the lands under water;the drainage five years ago was good;it has grown worse every year;chickens and hogs have died,drowned;all property has lost value owing to conditions; if the ditch was dug out there would be no water in front; everything planted there is ruined by the water;the water from the ditch runs into the cross ditches;the water stays under the houses;Mr Borne,the former owner of the land in the rear annually dug out the canal that leads back into which all the properties drain;the drainage was then fine;the defendant dug out the canal once nine years ago;never dug it out since;he has dammed it up with planks nailed to a post.

The question involved is only one of fact.We are

283

satisfied from the voluminous testimony and evidence and from h the law that the plaintiffs had the right of drain as claimed by them and that the defendant not only refused to maintain the canal in a fit condition to serve the purpose of drainage but actually denied the right of drainage and took steps to prevent it.We are also of opinion that his attitude in the matter has caused plaintiffs annoyance and damage,and has put them to the expense of filing this suit and that the judgment for $100 damages each in favor of the four successful plaintiffs is correct.The defendant did not file a plea of prescription to the demand for five years damage.

It is therefore ordered that the judgment herein be affirmed at the cost of the defendant and appellant.

Judgment affirmed.

May 28th 1923 .